**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

Carlos David Rivera Vasquez,

Petitioner,

vs.

Case No. 0:26-cv-01992-DMT-EMB

Todd Blanche, et al.,

Respondents.

---

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

---

**INTRODUCTION**

[¶ 1]   THIS MATTER comes before the Court on a Petition for Writ of Habeas Corpus filed on March 23, 2026. Doc. No. 1. The Respondents filed a Response on April 13, 2026. Doc. No. 6. Petitioner filed a Reply on April 14, 2026. Doc. No. 7.

[¶ 2]   Petitioner is a twenty-eight-year-old citizen of El Salvador. He entered the United States on September 3, 2015 as an unaccompanied child without inspection and has lived in Minnesota since the age of seventeen. Petitioner was arrested on February 8, 2026 and placed into removal proceedings. He is currently detained within the District of Minnesota.

[¶ 3]   On February 8, 2026, Petitioner filed his first Petition for Writ of Habeas Corpus asserting his arrest and detention violated: (1) his Fifth Amendment Due Process rights, (2) 8 U.S.C. § 1225(b)(2), and (3) 5 U.S.C. § 706. See Rivera Vasquez v. Bondi et al., Case No. No. 26-cv-01230 (DMT/EMB), Doc. No. 1 (D. Minn. Feb. 8, 2026). This Court denied his first Petition on February 19, 2026. Id. at Doc. No. 10 (D. Minn. Feb. 19, 2026). On March 5, 2026, Petitioner filed a Second Petition claiming his arrest and detention violated: (1) his Fifth Amendment Due Process rights, (2) his Fourth Amendment protections against warrantless arrest, (3) 8 U.S.C. § 1357(a)(2),

- 1 -

and (4) 5 U.S.C. § 706. <u>See</u> <u>Rivera Vasquez v. Bondi et al.</u>, Case No. No. 26-cv-01761 (DMT/EMB), Doc. No. 1 (D. Minn. Mar. 5, 2026). The Court dismissed the Second Petition after Petitioner filed a Notice of Voluntary Dismissal. <u>Id.</u> at Doc. Nos. 5–6. In the current Petition, Petitioner raises related claims. Doc. No. 1, pp. 13–22. For the reasons set forth below, the Petition is **DENIED** and **DISMISSED without prejudice**.

<u>**DISCUSSION**</u>

[¶ 4]   As an initial matter, the Court has already ruled Section 1225(b)(2) applies to Petitioner, meaning he is subject to mandatory detention and not entitled to a bond hearing. <u>Brayam G. G. v. Bondi et al.</u>, Case No. No. 26-cv-00921 (DMT/DJF), Doc. No. 7 (D. Minn. Feb. 3, 2026). The Eighth Circuit recently held illegal aliens such as Petitioner are subject to mandatory detention under Section 1225(b)(2). <u>Avila v. Bondi</u>, ---F.4th----, 2026 WL 819258 (8th Cir. March 25, 2026). Despite this, Petitioner claims the Court's prior Order did not address several issues now raised in this third Petition.

### I.   Petitioner's Warrantless Arrest was Lawful

[¶ 5]   Petitioner argues that his arrest was warrantless and therefore, he should be released immediately. The Eighth Circuit has held Section 1225 applies, not Section 1226. <u>Id.</u> Section 1225, unlike Section 1226, makes no mention of a warrant, only an inspection by an immigration official. Under 8 U.S.C. § 1357(a)(2), an immigration officer may arrest an alien without a warrant if the officer has "reason to believe" the alien is in the United States illegally and is likely to escape before a warrant can be obtained. However, under Section 1225(b)(2)(A), if an immigration official following inspection determines the alien is not clearly entitled to stay in the country, arrest and detention is mandatory. The key difference between these statutes is the knowledge of the official. "Reason to believe" is a different standard than knowledge. "[R]easonable suspicion

- 2 -

means only that immigration officers may briefly stop the individual and inquire about immigration status. . . . Only if the person is illegally in the United States may the stop lead to further immigration proceedings." Noem v. Vasquez Perdomo, 146 S. Ct. at *3 (Kavanaugh, J., concurring). The Supreme Court acknowledged in 1984 that deportation proceedings are not meant to punish past action but prevent continuing illegal action. To allow someone subject to mandatory detention to go free would "require the courts to close their eyes to ongoing violations of the law." INS v. Lopez-Mendoza, 468 U.S. 1032, 1046 (1984). An immigration official who has knowledge an applicant for admission has no clear right to be in the United States is required to hold that person in detention until the removal proceedings are completed. Under Section 1357(a)(2), a flight risk is required because the immigration official only has a reason to believe the person is here illegally, whereas with knowledge the assessment of flight risk is not needed because Section 1225 requires detention.

[¶ 6]   In this case, the Record of Deportable/Inadmissible Alien and Notice to Appear make it clear that, following inspection, immigration officials knew Petitioner was an illegal alien not entitled to be admitted in accordance with Section 1225(b)(2)(A). Doc. Nos. 6-4–6-5. Consequently, ICE arrested and detained Petitioner to initiate removal proceedings. Therefore, Petitioner did not suffer an unlawful arrest under the Fourth Amendment, 8 U.S.C. § 1357(a)(2) or 8 C.F.R. 287.3(d).

## II.      Petitioner's Detention Does Not Violate His Due Process Rights

[¶ 7]   Petitioner also claims his detention violates his procedural and substantive due process rights under the Fifth Amendment. Doc. No. 1. The dissent in Avila notes that "[a]fter the Fifth Circuit's decision in Buenrostro-Mendez [v. Bondi, 166 F.4th 494 (5th Cir. 2026)], multiple district courts in the Fifth Circuit have granted similar habeas petitions on due process grounds."

---F.4th----, 2026 WL 819258 at *8 n.8 (Erickson, J., dissenting). This Court disagrees with that approach.

[¶ 8]   As noted, Section 1225(b)(2)(A) squarely governs his immediate detention. Therefore, Petitioner is not being detained absent due process because being detained pursuant to a constitutionally legitimate statute promulgated by Congress is not a due process violation. The Supreme Court addressed a similar situation in Demore v. Kim, 538 U.S. 510 (2003), and concluded that mandatory detention pending removal proceedings does not violate an alien's due process rights. The Demore detainee argued that since deportation proceedings are indefinite, his indefinite detention violates the Due Process Clause. Id. However, the Court rejected that premise, holding "detention under Section 1226(c) has a definitive end-point—the end of the removal proceedings—and thus a noncitizen is not subject to indefinite detention." Id. at 529. While Demore analyzed detention under Section 1226(c), the detention provisions in Section 1226(c) are analogous to the provisions in Section 1225(b). See Rodriguez v. Jeffreys, Case No. 8:25-cv-714, 2025 WL 3754411, at *16 (D. Neb. Dec. 29, 2025). Thus, Petitioner's due process claim "must fail [and] [d]etention during removal proceedings is a constitutionally permissible part of the process." Demore, 538 U.S. at 531. As the Eighth Circuit held, since the Supreme Court "opted for a bright-line rule" that the "government can detain an alien for as long as deportation proceedings are still 'pending,'" there is no need to perform a Mathews-type due process balancing inquiry in this case as suggested by Petitioner. Banyee v. Garland, 115 F.4th 928, 933 (8th Cir. 2024).

### III.   Petitioner is No Longer an Unaccompanied Child

[¶ 9]   Petitioner asserts he is entitled to additional protections under the Trafficking Victims Protections Reauthorization Act of 2008 ("TVPRA") because he entered the United States as an

unaccompanied child. The TVPRA governs the detention of unaccompanied minors. *See generally* 8 U.S.C. § 1232. It provides, in relevant part, that "the care and custody of all unaccompanied alien children, including responsibility for their detention, where appropriate, shall be the responsibility of the Secretary of [HHS]." 8 U.S.C. § 1232(b)(1). Moreover, "an unaccompanied alien child in the custody of the Secretary of [HHS] shall be promptly placed in the least restrictive setting that is in the best interest of the child," taking into consideration "danger to self, danger to the community, and risk of flight." 8 U.S.C. § 1232(c)(2)(A).

[¶ 10] In this case, Petitioner is not entitled to the additional protections under the TVPRA because, as a twenty-eight-year-old previously released to the care and custody of his uncle in 2015, he is no longer an unaccompanied child under the relevant federal regulations. Indeed, under 8 C.F.R. § 236.3(d), "[w]hen an alien previously determined to have been a UAC has reached the age of 18, [or] when a parent or legal guardian in the United States is available to provide care and physical custody for such an alien . . . the alien is no longer a UAC." Once Petitioner's UAC status terminated, he was "not eligible to receive legal protections limited to UACs under the relevant sections of the Act." Id. While Petitioner cites to cases where TVPRA protections were still afforded to people who were eighteen or older (Doc. No. 1, p. 6), any similar argument fails in this case because Petitioner was not in custody or under supervision when he was detained by ICE and currently manages his own affairs.

### IV.   Petitioner's APA Argument Fails

[¶ 11] Petitioner further claims his arrest and detention violates the APA. However, since the government's actions in arresting and detaining Petitioner were lawful, there is no unlawful agency action for this court to review. See 5 U.S.C. § 706(2)(D) (a "reviewing court shall . . . hold unlawful

and set aside agency action, findings, and conclusions found to be . . . without observance of procedure required by law.").

## CONCLUSION

[¶ 12]  For the reasons set forth above, the Petitioner's Habeas Petition is **DENIED**. This action is **DISMISSED without prejudice**.

[¶ 13]  **IT IS SO ORDERED**.

DATED April 20, 2026.

Daniel M. Traynor, District Judge
United States District Court